UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA J., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 19-cv-07713-JSC <br><br> **ORDER RE: MOTION FOR ATTORNEY'S FEES** <br><br> Re: Dkt. No. 21 |

Plaintiff's counsel, Katherine Siegfried, moves for attorney's fees pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in her successful appeal of the Commissioner of the Social Security Administration's denial of social security disability benefits. (Dkt. No. 26.) The Commissioner did not file a response to Plaintiff's request for fees and the time to do so has run, *see* Civ. L.R. 7-3(a). After careful consideration of Plaintiff's motion and the relevant legal authority, the Court determines that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion for attorney's fees pursuant to Section 406(b).

## BACKGROUND

This case stems from Plaintiff's appeal of the Social Security Administration's ("SSA's") denial of social security benefits for a combination of mental and physical impairments, including: bilateral foot pain secondary to plantar fasciitis; left ankle sprain, low back impairment, depressive disorder, and panic disorder with agoraphobia. On June 16, 2020, the Court granted the parties' joint stipulation to voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the action to the SSA for further proceedings. (Dkt. No. 17.) On June 25, 2020, the Court granted the parties' stipulation and awarded Plaintiff's counsel $5,200 in fees under the

Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 20.)

Following remand, the SSA found Plaintiff disabled. (Dkt. No. 21-3.) On February 20, 2022, Plaintiff was notified that she had been awarded disability benefits as of December 15, 2012. (Dkt. No. 21-3.) On April 6, 2022, the SSA issued a revised decision correcting Plaintiff's ongoing monthly benefit amount and noting that Plaintiff would receive $72,082.00 in past due benefits. (Dkt. No. 22 at 3.) The revised notice also advised Plaintiff that SSA withheld $18,020.50 from Plaintiff's past due award for attorney's fees as 25 percent of Plaintiff's past-due benefits. (Dkt. No. 22 at 3.) Plaintiff's counsel thereafter filed the now pending motion for attorney's fees for work performed in this Court under Section 406(b). (Dkt. No. 21.) Pursuant to Plaintiff and her counsel's contingency fee agreement for this case, counsel may seek fees up to 25 percent of any past-due benefits awarded to Plaintiff. (Dkt. No. 21-2 at 1.) Counsel accordingly requests fees in the amount of $18,020 that represents approximately 25 percent of Plaintiff's past-due benefits. (Dkt. No. 21-1 at ¶¶ 6-8.) Plaintiff's counsel served Plaintiff with a copy of the motion. (Dkt. No. 21-1 at 3.) The Commissioner did not file a response to Plaintiff's motion.

## LEGAL STANDARD

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court, for instance, remands for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142, 1144 (9th Cir. 2009) (en banc).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-09. The court's review of a fee agreement is based on the character

of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151-52.

A court must offset an award of Section 406(b) attorneys' fees by any award of fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

## ANALYSIS

Plaintiff's counsel has demonstrated that the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. First, while not dispositive, Plaintiff's and counsel's contingency fee agreement is within the 25 percent threshold permitted under Section 406(b), as the agreement provides that counsel will not ask for a fee of more than 25 percent of the total past-due benefits awarded. (Dkt. No. 21-2 at 1.) Second, there is no indication that a reduction in fees is warranted due to any substandard performance by counsel or that counsel delayed these proceedings in an effort to increase the amount of fees awarded. To the contrary, counsel provided substantial work and achieved favorable results for Plaintiff as the Commissioner agreed to a voluntary remand for further proceedings after receipt of Plaintiff's motion for summary judgment. (Dkt. No. 13.)  Nor is the amount of fees, $18,020, excessive; in fact, the SSA specified that this amount is 25 percent of Plaintiff's past-due benefits. (Dkt. No. 22 at 3.) *See, e.g., Eckert v. Berryhill*, No. 15-CV-04461-JCS, 2017 WL 3977379, at *3 (N.D. Cal. Sept. 11, 2017) (awarding $16,566.25 in fees following an award of $66,265 in retroactive benefits); *Devigili v. Berryhill*, No. 15-CV-02237-SI, 2017 WL 2462194, at *2 (N.D. Cal. June 7, 2017) (awarding $15,278.00 in fees following an award of $76,391.00 in retroactive benefits); *Conner v. Colvin*, No. 13-CV-03324-KAW, 2016 WL 5673297, at *3 (N.D. Cal. Oct. 3, 2016) (awarding $17,746.00 in fees following an award of $94,987.60 in retroactive benefits). Lastly, the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering fees when she accepted this case. Plaintiff and counsel entered into the contingency fee agreement prior to the

3

filing of this action. (Dkt. No. 21-1 at ¶ 3.) At that time, the SSA had completely denied Plaintiff any requested benefits, and counsel could not know that the Commissioner would agree to a remand.  Accordingly, the Court finds that the amount of requested fees is reasonable.

## CONCLUSION

For the reasons described above, the Court GRANTS Plaintiff's counsel's motion for fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $18,020 payable to the Law Offices of Katherine Siegfried. Plaintiff's counsel is ordered to refund the previously awarded EAJA fees, in the amount of $5,200 to Plaintiff.

**IT IS SO ORDERED.**

Dated: May 9, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

4